## Reigart v. Dawson

*Spencer D. Wareheim* and *David Dunlop*, for plaintiff.

*Robert C. Fluhrer* and *E. Eugene Shelley*, for defendant.

SHERWOOD, P. J., March 19, 1951.—Plaintiff filed a bill for discovery to the above term and number on June 26, 1950, praying that defendant be decreed to make a discovery as to the annual statements of profit and loss of the business conducted by him under the name, Capitol Beverage Distributor of York, from May 4, 1936, to date, for the purpose of enabling plaintiff to prepare a complaint in an action of assumpsit instituted against the defendant to August term, 1949, no. 206, by summons served upon defendant on July 18, 1949.

On July 26, 1950, defendant answered the bill and averred that plaintiff was not entitled to a discovery because of facts set forth under new matter. To the new matter contained in defendant's answer, plaintiff filed preliminary objections on the ground that the new matter pleaded did not conform to the requirements of Equity Rule 52, did not require a reply, and should be stricken from the record.

This bill for discovery filed herein contained three paragraphs only, averring: That plaintiff had begun an action of assumpsit against defendant; that the action was based on an alleged breach of an oral contract under which plaintiff was claiming one half of the net annual profits of defendant's business, and that plaintiff did not know and had no means of knowing the amount of such profits and was, therefore, unable to complete his complaint in the assumpsit action.

On these averments plaintiff sought to invoke the extraordinary powers of the equity court by praying that a decree be granted ordering defendant to make a full and true discovery as to the annual statements of profit and loss of defendant's business.

The averments of the bill were admitted by defendant's answer, but defendant, in seven paragraphs of new matter, averred facts which he contends were sufficient to show that plaintiff was not entitled to discovery for these reasons:

1. Plaintiff is guilty of laches.

2. Plaintiff's bill gives evidence on its face that it was not filed in good faith.

3. Part of the period covered by plaintiff's claim is barred by the statute of limitations.

4. The terms of the contract relied on by plaintiff are so vague and indefinite as to be unenforcible.

5. The alleged contract is in violation of the public policy of this Commonwealth and hence unenforcible.

Wherefore, defendant asked that plaintiff's bill for discovery be dismissed.

Plaintiff objected to such new matter, apparently under Equity Rule 48, stating that he should not be required to answer the facts averred in new matter because the new matter did not conform to the requirements of Equity Rule 52, and plaintiff further asked that the new matter be stricken from the record.

Plaintiff contends that the facts averred in new matter neither entitle defendant to affirmative relief against plaintiff nor tend to invalidate an anticipated defense on plaintiff's part, and that defendant does not seek any affirmative relief.

In Darlington et al. v. Reilly, trustee, et al., 57 D. & C. 482, it was said that a defendant may only aver new matter when he seeks affirmative relief against plaintiffs and that he must pray for such relief

as he may deem himself entitled to under the pleadings. The court added that where the new matter does not seek affirmative relief against plaintiff, it should be stricken off.

Under this view of the construction to be given Equity Rule 52, defendant here is placed in the position of being unable to deny the purely procedural averments of plaintiff's bill for discovery, and at the same time is also barred from averring new matter in defense merely because the only relief he seeks is dismissal of plaintiff's bill and not a judgment or other affirmative order against plaintiff. Such a construction of Equity Rule 52 would work an injustice to defendant, and such is not the view taken by the Supreme Court of Rule 52.

In Jones v. Costlow et al., 354 Pa. 245, 47 A. (2d) 259, 1946, plaintiff filed a bill in equity to require defendants to assign and transfer certain stock to him. By answer filed thereto, defendants interposed the defense of res judicata and moved for dismissal of the bill. The bill was dismissed and plaintiff appealed from the order. The Supreme Court affirmed the order of the court below.

The significant point of the Jones case is that the court specifically referred to Equity Rule 52 which permits a defendant to introduce such additional facts having direct relation to any of the causes of action set forth in the bill, as defendant believes will entitle him to affirmative relief against plaintiff, and yet, there as here, the only relief desired or needed by defendant was dismissal of plaintiff's bill. There the Supreme Court held that the defense of res judicata was appropriately before the court below, and no question was raised that the new matter was improperly averred in the absence of a demand for affirmative relief.

Rule 1030 of the Rules of Civil Procedure states:

"The defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, statute of frauds, statute of limitations and waiver shall be pleaded in a responsive pleading under the heading 'New Matter.' Any other affirmative defense may be similarly pleaded."

This is exactly what defendant has done in setting up the bar of the statute, laches, and illegality of contract.

It seems to us that the real question before the court is whether it is necessary for plaintiff to incorporate in his statement the specific amount of damages that he has sustained by reason of the alleged breach of contract. We think not. The answer, it seems to us, is found in the Act of May 14, 1915, P. L. 483, sec. 11, as amended, wherein it is provided:

"If . . . the plaintiff . . . avers that the defendant . . . has received moneys as agent, trustee, or in any other capacity for which he is bound to account to the plaintiff . . ., or if the plaintiff . . . is unable to state the exact amount due him by the defendant . . . , by reason of the defendant's . . . failure to account to him, the plaintiff . . . may ask for an account."

Plaintiff by adding an additional paragraph to his complaint demanding an accounting of his share of the alleged profits, based upon the averments of the bill, will constitute a proper complaint.

Taking into consideration the facts averred in the complaint that plaintiff has waited for 12 years after his action matured to institute the action at law and then waited 11 months more before filing his bill for discovery, creates a situation where we feel the respective rights of the parties should be determined in

the action at law prior to any accounting or right to a bill for discovery. In other words, if plaintiff secures a judgment before a jury against defendant, an accounting will follow forthwith; if defendant secures the judgment, no accounting is necessary. Plaintiff will in no way be prejudiced by the court's refusal to sustain the preliminary objections filed as every right will be accorded to him in the event that he is successful in compelling defendant to file an account showing what the profits actually were.

And now, to wit, March 19, 1951, it is ordered, adjudged and decreed that plaintiff's preliminary objections filed to defendant's answer are overruled and refused.